FILED'11 JUN 20 11:4 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| JOHN PATRICK BEGIN | ) | |
| | ) | Civil No. 10-598-CL |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAULA MEYERS | ) | ORDER DENYING MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| Respondent. | ) | |

**Panner, District Judge,**

  Magistrate Judge Mark D. Clarke filed an Amended Report and Recommendation (#15), and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). In response to receiving the report, petitioner sent the court a letter dated June 3, 2011. In the letter, petitioner states that he sent several letters to the Federal Public Defender's Office for the District of Oregon, requesting representation. There is no record of a prior request for counsel in the court's docket, and it

  1 - ORDER DENYING MOTION FOR
    APPOINTMENT OF COUNSEL

appears petitioner only sent the request to the public defender's office. Except for the petition and the June 3, 2011 letter, petitioner has not filed anything with this court. Rather, petitioner states he has "just been waiting for a federal public defender to represent [him]."

I construe petitioner's letter as a motion for appointment of counsel (#17). For the reasons set forth below, petitioner's motion is DENIED.

Unless an evidentiary hearing is required, the decision to appoint counsel in a § 2254 proceeding is within the discretion of the district court. *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). This discretion is exercised in favor of an appointment if the circumstances of the case indicate that counsel is necessary to prevent due process violations or if the court determines "'that the interests of justice so require.'" *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987) (quoting 18 U.S.C. § 3006A(g)); *Knaubert*, 791 F.2d at 728-29. Counsel need not be appointed when a petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

2 - ORDER DENYING MOTION FOR
    APPOINTMENT OF COUNSEL

The interests of justice do not require the appointment of counsel in this case. The legal issues are not of such complexity that petitioner cannot present them *pro se*. Further, petitioner has demonstrated his ability to articulate his grounds for relief. The petition contains two pages in which petitioner clearly outlines his claim for relief. (Petition, 6-7.) Therefore, petitioner's motion for appointment of counsel (#17) is DENIED.

Additionally, I construe petitioner's letter as objections to the report. Accordingly, I have reviewed the file of this case *de novo*. See 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the report is correct.

As noted in the report, petitioner waived any objections regarding the DNA testing when petitioner decided to proceed with trial rather than delay trial (and remain in jail) pending testing. Additionally, not testing the hangar constituted reasonable trial strategy. As the Assault II charge stemmed from the marks from the hanger(s) on the victim's arms, the issue of whose blood was on the hanger was not a critical issue for the jury. Finally, DNA testing showing the blood came from petitioner would have been inconsistent with numerous statements petitioner

3 - ORDER DENYING MOTION FOR
    APPOINTMENT OF COUNSEL

made to the police, his family, as well as petitioner's general strategy and testimony at trial.

## CONCLUSION

Petitioner's motion for appointment of counsel (#17) is denied. Magistrate Judge Clarke's Report and Recommendation (#15) is adopted. The petition (#1) is denied and this action is dismissed. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(2).

IT IS SO ORDERED.

DATED this 20 day of June, 2011.

_____
OWEN M. PANNER
United States District Judge